HAYDÉE CARMEN MANUELA TORREGROSA ET AL., Plaintiffs and Appellees, v. VICTORIA C. DODD, Defendant and Appellant, ET AL.

No. 6600. Argued December 12, 1935.—Decided May 26, 1936.

44

*M. A. García del Rosario* for appellant.  *Luis Llorens Torres* for appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Victoria C. Dodd appeals from an adverse judgment in a suit brought by Torregrosa's minor children to establish the superiority of a certain mortgage lien.

In June 1924, Rafael Bigles executed a mortgage in favor of the minors, now plaintiffs herein, to secure the payment of $3,217.50 which he borrowed from them. In October 1925, Bigles conveyed the mortgaged property to Torregrosa for $4,500. Of this amount Torregrosa paid $1,383.00 in cash and retained the balance of the purchase price amounting to $3,217.50 in order to meet the mortgage held by his children. In order to complete the cash payment, Torregrosa borrowed from Vicente Texera $500 and executed in favor of Texera a mortgage to secure the payment of this amount. Both the deed of conveyance by Bigles and the new mortgage executed by Torregrosa in favor of Texera were embodied in a single instrument. By the terms and recitals of that instrument, Texera as a party thereto was fully informed as to the existence of the previous mortgage. He knew that he was a junior mortgagee. In June 1928, Torregrosa borrowed from Victoria C. Dodd, a sister-in-law of Texera, $2,000 and executed a mortgage on three pieces of property to secure the payment thereof. One of

these properties was the house and lot purchased from Bigles, already encumbered by the mortgage in favor of Torregrosa's children. No mention was made of this mortgage. The notary, when called as a witness in the district court said that he did not deem it necessary to mention it because Texera was the "absolute representative," because Texera had handled the whole matter "with absolute authority" up to the last moment when he told the notary to insert the name of his sister-in-law as mortgagee and because the notary understood that the money belonged to Texera and that he was merely taking the mortgage in the name of his sister-in-law as the nominal mortgagee. The evidence as a whole shows that, up to the time of signing, Texera had been handling the transaction, if not as though for himself, at least as the agent and representative of his sister-in-law. Whether she was an undisclosed principal or not is unimportant. The notary who drew the Dodd mortgage was the same notary who had drawn the instrument whereby Bibles conveyed the property to Torregrosa and whereby Torregrosa executed the mortgage in favor of Texera. Texera also appeared as a party to the instrument of June 16, 1928, acknowledged receipt of the $500 which Torregrosa owed him and cancelled the mortgage held by him as security for the payment thereof. A few days later the Dodd mortgage was recorded as to two only of the three properties mortgaged to secure the payment of the $2,000. As far as the house and lot already mortgaged in favor of the Torregrosa children was concerned, no record of the Dodd mortgage was requested. Of the $2,000 principal of the Dodd mortgage, $800 only had been alloted to the house and lot which Bigles had conveyed to Torregrosa for a consideration of $4,500 while the balance of $1,200 had been distributed equally betwen the two vacant lots which constituted the rest of the mortgaged property.

At 8:15 in the morning of May 9, 1932, the Dodd mortgage was again presented in the registry of property. The following day, May 10 the registrar refused to record the

mortgage as to the house and lot because the same still stood upon the record in the name of Bigles but he entered a cautionary notice for 120 days. At 2:30 in the afternoon of May 10, 1932, Texera presented in the registry of property the deed of conveyance by Bigles to Torregrosa, together with the mortgage which the registrar had just refused to record, with a request that the house and lot be recorded in the name of Torregrosa and that the "converted mortgage" be recorded in the name of Miss Dodd. On the following day, May 11, the registrar recorded the conveyance, by Bigles to Torregrosa. In this entry he mentioned the mortgage for $3,217.50 in favor of the Torregrosa children. He then proceeded to convert the cautionary notice of the day before into a record entry of the Dodd mortgage. The mortgage in favor of the Torregrosa children which had been presented at 2:55 in the afternoon of May 10 was then recorded.

The theory of appellant is that by virtue of the foregoing facts the Dodd mortgage, a second mortgage, was converted into a first mortgage and that the mortgage in favor of the Torregrosa children, a first mortgage, was relegated to the position of a second mortgage.

Article 70 of the Mortgage Law provides that:

"When the cautionary notice of a right is converted into a final record thereof, it shall produce its effects from the date of the notice."

The gist of the argument for appellant is: that the Dodd mortgage was presented for record at 8:15 in the morning of May 9; that upon entry of the cautionary notice for 120 days and conversion thereof into a permanent record of the mortgage on May the 11th, the mortgage should be deemed to have been recorded as of May 9; that the deed of conveyance to Torregrosa having been presented at 2:30 in the afteernoon of May 10 and the mortgage in favor of the Torregrosa children having been mentioned in the registry for the first time when that deed was recorded, the Dodd mortgage was recorded as a first mortgage thirty hours and

fifteen minutes before there was any mention in the registry of the Torregrosa mortgage.

Article 70 of the Mortgage Law must be construed in connection with articles 9, 20 and 29 thereof, the pertinent portions of which read as follows:

"Art. 9.—Every record made in a registry shall set forth the following details:

"" *          *          *          *          *          *          *

"3.—The nature, extent, conditions and charges of the right upon which that the subject of the record is constituted.

"" *          *          *          *          *          *          *

"Art. 20.—In order to permit of the record or entry of deeds conveying or encumbering the ownership or possession of real property or property rights, the interest of the person executing it or of the person in whose name the conveyance or encumbrance is made must first appear of record.

"" *          *          *          *          *          *          *

"If such interest is recorded in favor of a person other than the one making the conveyance or placing the encumbrance, registrars shall deny the record requested.

"" *          *          *          *          *          *          *

"Art. 29.—Ownership or any other property right expressly mentioned in records or cautionary notices, although not appearing in erty or property rights, the interest of the person executing it or of the person in whose name the conveyance or encumbrance is made must first apper or record.

In *Antonsanti* v. *Registrar,* 9 P.R.R. 171, this Court said:

"The only purpose of cautionary notices made by registrars of property when they refuse the record or entry of any document, on account of incurable defects therein, in accordance with the Act passed by the Legislative Assembly of this Island on May 1, 1902, on 'Appeals from decis'ons of registrars of property,' is to secure the rights of the persons interested in the record of entry of the document for the period of 120 days that it continues in effect, in order that if they are able to present a new deed within said period, or correct any obstacle which prevented the record of the previous one, they may record their rights, the effects of the record retroacting to the date of the cautionary notice."

See also *Ramis* v. *Registrar,* 18 P.R.R. 74; and *Alvarez* v. *Quilichini,* 24 P.R.R. 149.

The right which a cautionary notice is designed to protect is a preexisting right. The cautionary notice does not create any new rights. Prior to the date of the cautionary notice, Miss Dodd had the right to record her mortgage after, but not before the recording of the mortgaged property in the name of Torregrosa. The Dodd mortgage when so recorded would be subordinate to any prior mortgage or encumbrance mentioned in the record entry in the name of Torregrosa. The cautionary notice did not alter this situation nor did it confer upon Miss Dodd any new or additional rights. It merely protected the right which she already had by giving her an opportunity to have the Torregrosa deed recorded and then to record her own mortgage by converting the cautionary notice into a permanent entry provided she should do this within 120 days. It did not confer upon her immunity from the effect of any mention of prior liens and encumbrances which might be made upon recording the mortgaged property in the name of Torregrosa.

. If Miss Dodd had presented the Torregrosa deed with her mortgage in the first instance as she did immediately after the registrar refused to record her mortgage, the registrar would have first recorded the deed of conveyance, mentioning of course the prior mortgage in favor of the Torregrosa children, and would then have recorded the Dodd mortgage as subordinate to the lien of the Torregrosa mortgage. We need not and do not question Miss Dodd's honesty and good faith in not pursuing this course. If, however, the argument for appellant should prevail in the instant case any unscrupulous junior mortgagee could avoid the disadvantages of the usual, natural and logical procedure by the transparent device of first presenting his mortgage and then, after obtaining a cautionary notice, again presenting his mortgage accompanied by his mortgagor's unrecorded deed to the mortgaged property. The establishment of such a

precedent would open wide the door to fraud and would to that extent defeat not only the ends of justice but the plain purposes of Article 9 and 20, *supra*.

By the terms of Article 20 the recordation of the deed of conveyance by Bigles to Torregrosa was a condition precedent to a recordation of the Dodd mortgage. It was for this reason that the registrar, acting in accordance with the express mandate of the law, refused to record the Dodd mortgage when first presented in the registry of property. The mention of the Torregrosa mortgage was made in accordance with the mandate embodied in article 9. If Miss Dodd was a third person within the meaning of that term as used in article 29, she must now be deemed to have been fully informed after 2:30 in the afteernoon of May 10. If she was not a third person she was not converted into a third person by the cautionary notice or by any other entry made in the registry of property. In either event, she was not, in the eye of the law, a third person. If the conversion of the cautionary notice into a permanent record of the Dodd mortgage relates back to the date of the cautionary notice itself and through that notice to the date of presentation, it must relate back to those dates through the record entry as to the deed of conveyance and subject to the mention made of the Torregrosa mortgage in that entry. To hold otherwise would be to render nugatory the plain provisions of Articles 9, 20 and 29 of the Mortgage Law.

We also agree with the district judge that Miss Dodd was charged with notice of the existence of the Torregrosa mortgage from the date of her own mortgage by reason of the information contained in the deed of conveyance from Bigles to Torregrosa. In any event, Miss Dodd can not now plead ignorance of all the facts which were known to her agent, Texera, before the second mortgage was executed. She was not a third party in good faith.

The judgment appealed from must be affirmed.

Mr. Justice Travieso took no part in the decision of this case.